IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GUARDIAN PROTECTION                )
GROUP LLC.,                        )
                                   )
　　*Plaintiff*,                    )
                                   )
v.                                 )    Case No.:   4:26-cv-00683
                                   )
THOMAS MURPHY                      )
                                   )
**Serve At:**                      )
                                   )    **JURY TRIAL DEMANDED**
**1323 Honeywood Drive**,          )
**St. Louis, Missouri 63126**      )
                                   )
and                                )
                                   )
AMERICA FIRST ASSURANCE,           )
                                   )
Serve at:                          )
                                   )
**5055 State Rte. N Suite 206,**   )
**Cottleville, Missouri.**         )
                                   )
　　*Defendants*.                   )
                                   )

**VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, PERMANENT INJUNCTIVE RELIEF, AND
DAMAGES**

COMES NOW Plaintiff Guardian Protection Group LLC ("Guardian" or

"Plaintiff"), and for its Verified Complaint for Temporary Restraining Order, Preliminary

Injunction, Permanent Injunctive Relief, and Damages against Defendants Thomas

Murphy ("Murphy") and America First Assurance ("America First" and collectively,

"Defendants"), respectfully states as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Guardian is a Missouri limited liability company with its principal office located at 1795 Clarkson Road, Suite 240, Chesterfield, Missouri 63017. Guardian sells, among other things, after-market motor vehicle service contracts to automobile consumers.

2. America First Assurance is owned by Logan Newell and can be found at 5055 State Rte. N Suite 206, Cottleville, Missouri. America First is a direct competitor of Guardian, also selling after-market motor vehicle service contracts to automobile owners.

3. Mr. Murphy is a resident of the state of Missouri, residing at 1323 Honeywood Drive, St. Louis, Missouri 63126.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1367 in that two of the claims herein arise under federal law (Counts I & V), and the Court has supplemental jurisdiction over the remaining claims.

5. Venue is proper in this Court pursuant to 28 U.S.C. 1391 in that Defendants are residents within the State of Missouri and a substantial part of the events giving rise to these claims took place within this judicial district.

6. Venue is proper in this Court pursuant to Mo. Rev. Stat. § 508.010.

## FACTS

7. Murphy was hired by Plaintiff on June 3, 2024.

8. Until February 19, 2025, Murphy was a full-time employee for Plaintiff.

9. In Murphy's employment with Plaintiff, Murphy had access to Plaintiff's extensive client data ("client data"), which included information on 300,000 persons who responded to direct mail marketing campaigns, including:

    a.      Names, addresses, email addresses, telephone numbers;

    b.      Prices customers purchased policies for and quoted prices for those policies, whether purchased or not;

    c.      The dates and times of file creation;

    d.      Disposition (sold, not sold, callback); and

    e.      Financial terms and down payments.

10.   Plaintiff took reasonable steps to protect their client data from unauthorized disclosure to third parties and/or the public, by, among other things:

    a.      Requiring each employee to have different login credentials;

    b.      Immediately withdrawing access permissions upon employment termination;

    c.      Monitoring system access, login and IP address, and reporting activity;

    d.      Restricting access to the Customer Relationship Management ("CRM") based on user roles and permissions;

    e.      Not allowing employees to export or share data outside of the system;

    f.      Maintaining the ability to determine who is accessing the data; and

    g.      Prohibiting disclosure of login credentials beyond company administrators.

11.   The client data is extremely valuable to competitors because it represents years of research and development, including, but not limited to, delivering more than 20,000,000 pieces of direct mail to compile the data for 300,000 people.

12.    Murphy separated from his job with Plaintiff on February 19, 2025.

13.    Plaintiff became aware of the misappropriation of its client data upon receipt of marketing materials from America First sent to one of Plaintiff's addresses and, then, opened an internal investigation of its systems.  A true and correct copy of the mailer is attached as **Exhibit A**.

14.    The internal investigation revealed IP address disparities as well as the copying of client data reports at the time of the access by a St. Charles County IP address.

15.    On February 9, 2026, Murphy, using the login credentials for Angel Rodriguez ("Rodriguez"), a current employee of Plaintiff, wrongfully logged in to Plaintiff's database and downloaded and/or exported  the client data to Defendant America First's servers.

16.    Rodriguez resides in Mexico and has never been to St. Charles County, Missouri.

17.    Rodriguez did not disclose his login credentials to Murphy.

18.    On February 9, 2026, at 9:50 A.M. CST Rodriguez's login credentials were used to access the client data; however, the login occurred from an IP address located in St. Charles County, Missouri. See Time Clock Log, attached hereto as **Exhibit B**.

19.    On February 9, 2026, Rodriguez's credentials were logged in for thirty-six (36) minutes and at 7:51 A.M. PST / 9:51 A.M. CST, 8:08 A.M. PST / 10:08 A.M. CST, 8:09 A.M. PST / 10:09 A.M. CST, and 8:22 A.M. PST / 10:22 A.M. CST,  respectively, four reports were accessed and copied using Rodriguez's credentials.  See relevant portion of Report Log-AG-Aug2025, attached hereto as **Exhibit C**.

4

20.    From October 9, 2025, through March 9, 2026, Rodriguez's credentials  accessed the system one hundred forty-one (141) times, and each time the credentials were used from an IP address located in Mexico.  **See Exhibit C.**  But, on February 9, 2026, at the above-described times set forth in paragraph 19, the login was used from an IP address located in St. Charles County.

21.    On February 9, 2026, Murphy was employed by Defendant America First.

22.    Upon information and belief, Murphy downloaded and/or exported  this data into the internal system of Defendant America First.

23.    Defendant America First used this data to the detriment of Plaintiff.

24.    America First used the stolen data to send marketing materials to addresses within Plaintiff's client database.

25.    America First sent marketing materials to a name and address which used a pseudonym maintained only internally by Plaintiff to test its own mailers. See Mailer, attached hereto as **Exhibit A**.

26.    Defendant would not have been aware of this pseudonym name and address, but for the access to the confidential client database.

27.    Plaintiff will suffer irreparable harm from Defendants' misappropriation and misuse of Guardian's Trade Secrets  because it is difficult, if not impossible, to reasonably calculate damages to adequately compensate Plaintiff for Defendants' wrongfully obtained unfair competitive advantage based upon their avoiding the necessary time, research, development, and resources to compile the contents of the misappropriated database.

28.    Plaintiff will suffer irreparable harm from Defendants' misappropriation and misuse of Guardian's Trade Secrets because it is difficult, if not impossible, to reasonably calculate the damage to adequately compensate Plaintiff for Defendants' diminishment or destruction of the protected Trade Secret status of the misappropriated information.

29.    Plaintiff will suffer irreparable harm from Defendants' misappropriation and misuse of Guardian's Trade Secrets because it is difficult, if not impossible, to reasonably calculate future damages to adequately compensate Plaintiff for Defendants' continued possession, use and disclosure of Guardian's Trade Secrets.

## COUNT I – VIOLATION OF THE DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1839
### (Against All Defendants)

30.    Plaintiff Guardian Protection Group LLC hereby incorporates by reference the allegations in paragraphs 1-29 of the Complaint as though fully set forth herein.

31.    The confidential information of Guardian to which Defendants were given access, including client data, constitutes trade secrets within the meaning of the Defend Trade Secrets Act, 18 U.S.C. § 1839(3).  Such information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other people who can obtain economic value from its disclosure or use.  Moreover, Plaintiff has invested significant time and extraordinary financial resources in compiling its Trade Secrets and has taken reasonable and appropriate steps to keep this information private and secret.

32.    Guardian has made reasonable efforts to maintain the secrecy of such confidential information.

33. Murphy misappropriated Plaintiff's Trade Secrets and other proprietary and confidential information by taking such information from Plaintiff and, thereafter, using and/or disclosing it to America First, without Plaintiff's consent, in order to directly compete with Plaintiff, in breach of Murphy's duty and obligation to maintain the secrecy of Plaintiff's confidential information and not to unfairly compete with Plaintiff as set forth above.

34. America First misappropriated Plaintiff's confidential Trade Secrets and other proprietary and confidential information by acquiring it from Murphy, without Plaintiff's express or implied consent, to unfairly compete with Plaintiff. America First also misappropriated Plaintiff's proprietary and confidential information by acquiring it from Murphy, who they knew or should have known, used improper means to acquire knowledge of the Trade Secret.

35. Defendants' conduct as alleged herein was a willful and deliberate scheme to deprive Plaintiff of the benefits of its own substantial investment and efforts and to give Defendants an unfair competitive advantage.

36. Defendants have profited from their use of the Trade Secrets and other proprietary and confidential information they have misappropriated from Plaintiff.

37. Plaintiff has suffered and will continue to suffer, actual damages in an amount to be proven at trial as a proximate result of Defendants' conduct in violation of the Defend Trade Secrets Act.

38. Upon information and belief, Defendants continue to use and threaten to use the misappropriated Trade Secrets. Defendants' conduct, therefore, threatens further

7

wrongful use, destruction, and misappropriation of Plaintiff's Trade Secrets.  Defendants have and intend to continue to systematically and methodically raid and destroy Plaintiff's goodwill with its customers.  As a proximate result of Defendants' acts, as alleged above, Plaintiff will continue to suffer actual damages in an amount to be proven at trial unless Defendants are enjoined.

39.    Plaintiff has no remedy at law for these injuries unless and until Defendants are restrained from using the misappropriated Trade Secrets in the future, as calculations of damages will be difficult, and Plaintiff will be compelled to bring multiple suits to protect its interests.  Plaintiff's damages, which are not easily quantified, include, but are not limited to Plaintiff's lost revenue and damage to its goodwill with clients in an amount to be proven at trial.

40.    The above-described conduct makes clear that Defendants willfully and maliciously misappropriated and misused Guardian's Trade Secrets.   Defendants' conduct is outrageous because of Defendant's evil motive and/or reckless indifference to the rights of others.

41.    Defendants' misappropriation of the Trade Secrets of Guardian entitles Guardian to injunctive relief, compensatory damages, and punitive damages.

WHEREFORE, Guardian Protection Group LLC respectfully requests that the Court enter a temporary restraining order and preliminary and permanent injunction requiring Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

(a)    to return all copies of Guardian's Trade Secrets, in whatever form Defendants possess the Trade Secrets

(b)    to identify to Guardian the location of all electronic versions of the Trade Secrets, including those versions in the care, custody, or control of a third party;

(c)    to allow Plaintiff to select a forensic expert to conduct a review of all America First systems on which the information was maintained to confirm that all versions are deleted and no longer accessible by Defendants;

(d)    to allow Plaintiff to select a forensic expert to conduct a review of all personal devices of Defendant Thomas Murphy to confirm no additional copies of the stolen data remaining in his possession;

(e)    to delete all of Plaintiff's Trade Secrets remaining in Defendants' possession after full compliance with subparagraph (a);

(f)    to cease all use of Plaintiff's Trade Secrets for any reason, including, but not limited to, any future direct mail marketing campaigns.

WHEREFORE, Guardian also respectfully requests damages against Defendants in an amount to be determined at trial, including compensatory and punitive damages for actual loss caused by the misappropriation of the trade secret and any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss, and, because Defendants willfully and maliciously misappropriated Guardian's Trade Secrets, enter an award of exemplary damages not to exceed two times the compensatory damage, in an amount allowed by statute, plus pre-

judgment and post-judgment interest on the amount awarded to Guardian, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT II - VIOLATION OF MISSOURI UNIFORM TRADE SECRETS ACT
### (Against All Defendants)

42.     Plaintiff Guardian Protection Group LLC hereby incorporates by reference the allegations in paragraphs 1-41 of the Complaint as though fully set forth herein.

43.     The confidential information of Guardian to which Defendants were given access, including client data, constitutes trade secrets within the meaning of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.450, *et seq.* Guardian's database, including the information described therein, constitutes protectable trade secrets under the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.450, *et seq.* Such information derives independent economic value from not being generally known to, and not being readily ascertainable by proper means, by other people who can obtain economic value from its disclosure or use. Moreover, Plaintiff has invested significant time and extraordinary financial resources in compiling its Trade Secrets and has taken reasonable and appropriate steps to keep this information private and secret.

44.     Guardian has made reasonable efforts to maintain the secrecy of such confidential information.

45.     Murphy misappropriated Plaintiff's Trade Secrets and other proprietary and confidential information by taking such information from Plaintiff and, thereafter, using and/or disclosing it to America First, without Plaintiff's consent, in order to directly

10

compete with Plaintiff, in breach of Murphy's duty and obligation to maintain the secrecy of Plaintiff's confidential information and not to unfairly compete with Plaintiff as set forth above.

46.    America First misappropriated Plaintiff's confidential Trade Secrets and other proprietary and confidential information by acquiring it from Murphy, without Plaintiff's express or implied consent, to unfairly compete with Plaintiff. America First also misappropriated Plaintiff's proprietary and confidential information by acquiring it from Murphy, who they knew or should have known, used improper means to acquire knowledge of the Trade Secrets.

47.    Defendants' conduct as alleged herein was a willful and deliberate scheme to deprive Plaintiff of the benefits of its own substantial investment and efforts and to give Defendants an unfair competitive advantage.

48.    Defendants have profited from their use of the Trade Secrets and other proprietary and confidential information they have misappropriated from Plaintiff.

49.    Plaintiff has suffered and will continue to suffer, actual damages in an amount to be proven at trial as a proximate result of Defendants' conduct in violation of the Defend Trade Secrets Act.

50.    Upon information and belief, Defendants continue to use and threaten to use the misappropriated Trade Secrets.   Defendants' conduct, therefore, threatens further wrongful use, destruction, and misappropriation of Plaintiff's Trade Secrets.  Defendants have and intend to continue to systematically and methodically raid and destroy Plaintiff's goodwill with its customers.  As a proximate result of Defendants' acts, as alleged above,

11

Plaintiff will continue to suffer actual damages in an amount to be proven at trial unless Defendants are enjoined.

51.    Plaintiff has no remedy at law for these injuries unless and until Defendants are restrained from using the misappropriated Trade Secrets in the future, as calculations of damages will be difficult, and Plaintiff will be compelled to bring multiple suits to protect its interests.  Plaintiff's damages, which are not easily quantified, include, but are not limited to Plaintiff's lost revenue and damage to its goodwill with customers in an amount to be proven at trial.

52.    Under the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.455, Plaintiff is entitled to the preliminary and permanent injunction prayed for herein enjoining Defendants and all those acting in concert with them or having notice of this order, from further acts of misappropriation, disclosure or use of Plaintiff's Trade Secrets.

53.    Under the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 417.457, Plaintiff is also entitled to recover its actual loss caused by the misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss, including all profits made by Defendants using Plaintiff's Trade Secrets.

54.    The above-described conduct makes clear that Defendants willfully and maliciously misappropriated and misused Guardian's Trade Secrets.  Defendants' conduct is outrageous because of Defendants' evil motive and/or reckless indifference to the rights of others.

WHEREFORE, Guardian Protection Group LLC respectfully requests that the Court enter a temporary restraining order and preliminary and permanent injunction

12

requiring Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

(a) to return all copies of Guardian's Trade Secrets, in whatever form Defendants possesses the Trade Secrets;

(b) to identify to Guardian the location of all electronic versions of the Trade Secrets, including those versions in the care, custody, or control of a third party;

(c) to allow Plaintiff to select a forensic expert to conduct a review of all America First systems on which the information was maintained to confirm that all versions are deleted and no longer accessible by Defendants;

(d) to allow Plaintiff to select a forensic expert to conduct a review of all personal devices of Defendant Thomas Murphy to confirm no additional copies of the stolen data remaining in his possession;

(e) to delete all of Plaintiff's stolen data in both paper and electronic form after complying with subparagraph (a);

(f) to cease all use of Plaintiff's Trade Secrets for any reason, including, but not limited to, any future direct mail marketing campaigns; and

WHEREFORE, Guardian also respectfully requests damages against Defendants in an amount to be determined at trial, including compensatory and punitive damages for actual loss caused by the misappropriation of the Trade Secrets and any unjust enrichment caused by the misappropriation of the Trade Secrets that is not addressed in computing damages for actual loss, and, because Defendants willfully and maliciously

13

misappropriated Guardian's Trade Secrets, enter an award of exemplary damages not to exceed two times the compensatory damage, in an amount allowed by statute, plus pre-judgment and post-judgment interest on the amount awarded to Guardian, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT III – CONVERSION
### (Against All Defendants)

55.    Plaintiff hereby incorporates by reference the allegations in paragraphs 1-54 of the Complaint as though fully set forth herein.

56.    Murphy stole documents, electronically stored information, and other records that belonged to Plaintiff, as alleged herein.

57.    Plaintiff owned the documents, information, and records Murphy stole; Plaintiff did not give permission, nor was Murphy authorized to steal documents, information, and records.

58.    Murphy acted intentionally in stealing Plaintiff's documents, information, and records and did so with the specific intention of depriving Plaintiff of the right to possess and use the documents, records, and information at issue, to hide his misconduct, and to harm Plaintiff.

59.    In acting as described, Murphy acted in bad faith, wrongfully, and with an intention to damage Plaintiff, and his destruction of the documents, information and records has damaged Plaintiff in an amount to be proven to the jury at trial.

WHEREFORE, Guardian respectfully requests damages against Defendants in an amount to be determined at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest on the amount awarded to Guardian, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT IV - TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES
### (Against All Defendants)

60.   Plaintiff hereby incorporates by reference the allegations in paragraphs 1-59 of the Complaint as though fully set forth herein.

61.   Plaintiff had numerous repeat clients for which it performed work over the years, which valid and existing relationships gave rise to probable future work and a reasonable expectancy of financial benefit therefrom.

62.   Murphy was aware of the existence of such relationships, as a result of servicing those customer accounts during his employment with Plaintiff.

63.   Defendants intentionally, wrongfully and without privilege interfered with each such relationship between Plaintiff and its customers by using and/or disclosing Plaintiff's customer lists and customer contact information to solicit such customers, and to service those customers on behalf of America First.

64.   Defendants' actions were without justification, as Defendants have no legal right to interfere with Plaintiff's relationships with its customers.

65.   As a direct and proximate result of Defendants' interference with Plaintiff's relationships with its customers, Plaintiff has suffered and will continue to suffer, unless

15

and until Defendants are enjoined, actual damages in an amount to be proven at trial. Plaintiff has no adequate remedy at law for these injuries unless and until Defendants are restrained from engaging in the wrongful acts described above, because calculations of damages will be difficult, and Plaintiff will be compelled to bring multiple suits to protect its interests. Plaintiff's damages are not easily quantified, but include, without limitation, Plaintiff's lost revenue on any of Defendants' improper dealings, profits, or advantages in an amount to be proven at trial. Plaintiff, therefore, is entitled to preliminary and permanent injunctions as prayed for herein.

66. The aforementioned acts of Defendants were wanton, willful, and in conscious disregard of the rights of, and resulting harm to, Plaintiff.

WHEREFORE, Guardian respectfully requests damages against Defendants in an amount to be determined at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest on the amount awarded to Guardian, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

## COUNT V – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT 18 U.S.C. § 1030 et seq.
### (Against Defendant Murphy)

67. Plaintiff hereby incorporates by reference the allegations contained in paragraph 1-66 of the Complaint as though fully set forth herein.

68. Defendant Murphy obtained access to Plaintiff's customer database through false pretenses and downloaded, without permission or knowledge of Plaintiff, Plaintiff's confidential and proprietary information, along with Plaintiff's Trade Secrets. Defendant

16

Murphy's conduct of downloading Plaintiff's confidential proprietary information, along with Trade Secrets, for the purpose of disseminating the same to Plaintiff's competitors exceeded the original, limited authority to access same while employed by Plaintiff.

69.    Plaintiff's client data, computers, and computer systems, and Defendant Murphy's access to such client data, computers and computer systems all affect interstate commerce.

70.    Plaintiff's investigation into the nature and use of the information downloaded is ongoing and continuing; however, Plaintiff has suffered damages to be proven at trial associated with the investigation into Defendant Murphy's conduct.

WHEREFORE, Guardian Protection Group LLC respectfully requests that the Court enter a temporary restraining order and preliminary and permanent injunction enjoining Defendants, their officers, agents, servants, employees, attorneys, and any other person in active concert or participation with Defendants, their officers, agents, servants, employees, attorneys:

(a)    to return all copies, forensic review of all systems on which the information was maintained, as well as all data attached thereto;

(b)    from destroying, deleting, defacing, or revising any of Guardian's data in Defendants' possession;

(c)    from directly or indirectly contacting or attempting to contact any Guardian customer for any reason, including but not limited to notifying the Guardian customer of Defendant Murphy's new affiliation or employment, encouraging, inducing, or to attempting to sell any product or service to any Guardian customer which is similar to or competitive with any product or service offered by Guardian

17

or its affiliates, or otherwise interfere with or take away any Guardian customers or the business of any such Guardian customer; and

(d)     from using any of Guardian's client data in marketing materials or otherwise.

WHEREFORE, Guardian also respectfully requests damages against Defendants in an amount to be determined at trial, including compensatory and punitive damages, plus pre-judgment and post-judgment interest on the amount awarded to Guardian, for its attorneys' fees and the costs and expenses incurred herein, and for such other and further relief as this Court deems just and proper.

Dated: May 5, 2026.                              UB GREENSFELDER LLP

                                                 By:*/s/ Christopher Pickett*_____
                                                     Chrisopher Pickett, E.D. MO 51059
                                                     cpickett@ubglaw.com
                                                     William Kernell, E.D. MO 73792
                                                     wkernell@ubglaw.com
                                                     10 South Broadway, Suite 2000
                                                     St. Louis, Missouri 63102
                                                     Telephone: (314) 345-5400
                                                     Facsimile: (314) 345-5465

                                                 *Attorneys for Plaintiff Guardian*
                                                 *Protection Group LLC*

18

## VERIFICATION

STATE OF Missouri                    )
                                     ) ss.
COUNTY OF St. Louis                  )

I, _Michal Hellman_, of lawful age, and after being first duly sworn on oath, state that I have read the above and foregoing Verified Complaint for Injunctive Relief and Damages against Defendants Thomas Murphy and America First Assurance, and know the contents thereof, and that such allegations are true according to the best of my knowledge and belief.

Executed on May 5, 2026, in _St. Charles, MO_.

STATE OF Missouri                    )
                                     )    SS.
COUNTY OF St. Louis                  )

Subscribed and sworn to before me this 5 day of May, 2026.

_____
Notary Public    Lauren Rose Brown

My Commission Expires:

10-11-27

LAUREN ROSE BROWN
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 23035018
My Commission Expires 10-11-2027