**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GUARDIAN PROTECTION GROUP LLC, | ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) ) | Case No.:  4:26-cv-00683-MTS |
| THOMAS MURPHY and AMERICA FIRST ASSURANCE, | ) ) ) ) | |
| *Defendants.* | ) ) ) | |

**MEMORANDUM AND ORDER**

On May 12, 2026, after a hearing, the Court granted Plaintiff Guardian Protection Group LLC's Motion for Temporary Restraining Order and scheduled a hearing on its Motion for Preliminary Injunction for May 27, 2026.  Doc. [11].  The Court also granted Plaintiff's Motion for Expedited Discovery.  Doc. [14].  On May 21, 2026, Plaintiff and Defendant America First Assurance filed a Joint Motion to Extend Temporary Restraining Order.  Doc. [19].  In it, they represented that Defendant Thomas Murphy consented to the request.  *Id.* ¶ 4. Since all parties consented, the Court granted the Motion and extended the TRO through June 09, 2026.  Doc. [20]; *see* Fed. R. Civ. P. 65(b)(2).  And, per the parties' request, the Court moved the preliminary injunction hearing to June 04, 2026.  Doc. [20].

Plaintiff and Defendant America First Assurance have filed another Joint Motion to Extend Temporary Restraining Order.  Doc. [25].  They once again ask that the Court extend the TRO—this time for an additional twenty-eight days—and that the Court reschedule the already-rescheduled preliminary injunction hearing.  This time, though, they write that Defendant Murphy has not "engaged at all with the present litigation," *id.* ¶ 9, and that

Plaintiff's counsel has been unable to speak with Defendant Murphy, having not "receive[d] a response of any kind from him," *id.* ¶ 7.

The Court will grant Plaintiff and Defendant America First Assurance's Motion in part and extend the TRO, but only as to Defendant America First Assurance.  The Court will not extend the TRO as to Defendant Murphy because he has not consented to an additional extension, and Rule 65(b)(2) makes clear that "a TRO lasting longer than twenty-eight days requires that the adverse party consent."  *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 132 n.2 (2d Cir. 2014); *accord Pac. Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1223 n.1 (D. Or. 2016) (citing *Horn Abbot Ltd. v. Sarsaparilla Ltd.*, 601 F. Supp. 360, 370 n.12 (N.D. Ill. 1984)).

Accordingly,

**IT IS HEREBY ORDERED** that the Second Joint Motion to Extend Temporary Restraining Order, Doc. [25], is **GRANTED in part** and **DENIED in part**.  The Temporary Restraining Order entered by the Court, Doc. [11], is **EXTENDED** through **Tuesday**, **July 07, 2026**, as to Defendant America First Assurance only.  The extended Temporary Restraining Order previously entered against Defendant Murphy will expire **Tuesday**, **June 09, 2026**.  *See* Doc. [20].

**IT IS FURTHER ORDERED** that the hearing on Plaintiff's Motion for Preliminary Injunction is **RESET** from June 04, 2026, to **Wednesday**, **July 01, 2026**, at **1:30 p.m.**, in Courtroom 16-S of the Thomas F. Eagelton United States Courthouse.

So **ORDERED** this 1st day of June 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE